IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE DURAN,

        Plaintiff,

                                                  Civil No. 12-1314 MV/RHS

    v.

PILOT TRAVEL CENTER, A
FOREIGN CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Remand [Doc. 35]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

On October 10, 2012, Plaintiff filed in New Mexico State Court his Complaint for Damages against Pilot Travel Center ("Pilot") and Rishi Prasad, general manager of the travel center on the date of the incident. Doc. 1-1. The Complaint alleges that, "due to an unsafe and unreasonably safe condition" of the premises of a Flying J Travel Plaza, Plaintiff slipped, tripped, fell and injured himself. *Id.* ¶ 5. Plaintiff sought compensatory damages based on Defendants' alleged breach of their duty to keep the premises free of hazards and defects. *Id.* ¶¶ 6-7. Because Prasad was a resident of California at the time the Complaint was filed, on December 20, 2012, Pilot filed a Notice of Removal pursuant to 28 U.S.C. Section 1332 based on complete diversity of the parties. Doc. 1.

1

On July 3, 2013, Plaintiff filed a motion to modify Rule 16 Scheduling Order, and To Amend Complaint to Join Additional Parties ("Motion to Amend").  Doc. 25.  Specifically, Plaintiff sought leave to amend his complaint to join as Defendants Richard Toledo, the maintenance employee responsible for the area where Plaintiff fell, and Lindsay Sharbono, the assistant manager who went out to the area following the incident.  *Id.*  Plaintiff first learned about these individuals through discovery provided by Pilot on June 19, 2013.  *Id.*  Plaintiff's proposed First Amended Complaint for Damages indicates that Toledo and Sharbono are both residents of New Mexico.  Doc. 25-1 ¶¶ 3-4.  The First Amended Complaint alleges that Toledo and Sharbono were responsible for the maintenance and safety of the premises at the time of the accident, and had a duty to identify and mitigate any dangerous conditions of those premises.  *Id.* ¶ 5.

Pilot opposed Plaintiff's Motion to Amend, arguing that because Plaintiff's request was essentially a request for joinder of non-diverse parties, it required analysis under 28 U.S.C. Section 1447(e).  Doc. 29.  That section provides:  "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court."  Defendant argued the Court should exercise its discretion under this provision to deny joinder because Plaintiff's true intention in joining Sharbono and Toledo was to defeat diversity jurisdiction, as evidenced by the facts that: (1) Pilot would be vicariously liable for any negligent acts of its employees that caused injury to Plaintiff, and thus Plaintiff could recover fully for his damages without naming Sharbono or Toledo as a defendant; (2) and Plaintiff's request to add Sharbono and Toledo was unduly delayed. *Id.*

Plaintiff filed a reply, arguing that, once he learned the identities of Sharbono and Toledo, he immediately sought to join them in the Complaint, as they are the responsible parties. Doc. 31. According to Plaintiff, he is simply trying "to get the right people named as Defendants, and brought into this case." *Id.* at 2. Plaintiff notes that he filed his Motion to Amend promptly after learning of these individuals through discovery. *Id.* at 3.

On August 5, 2013, Magistrate Judge Scott issued an Order Granting Plaintiff's Motion to Modify Rule 16 Scheduling Order and To Amend Complaint to Join Additional Parties ("the Order"). Doc. 33. In the Order, Magistrate Judge Scott found that "[j]ustice requires that the amendment be allowed as Plaintiff has been diligent in pursuit of discovery." *Id.* The Order did not evaluate Plaintiff's motion under Section 1447(e).

On August 9, 2013, Plaintiff filed the instant Motion to Remand, arguing that the presence of Toledo and Sharbono divests this Court of jurisdiction over this case. Doc. 35. Pilot filed a Response in Opposition to Plaintiff's Motion to Remand, arguing that complete diversity remains because neither Toledo or Sharbono has been served, and because the joinder of such nonessential, non-diverse defendants does not destroy diversity jurisdiction. Doc. 41. Plaintiff filed a Reply on August 27, 2013. Doc. 43.

## DISCUSSION

Following Pilot's proper removal of this action based on diversity jurisdiction, Plaintiff sought to join as defendants two New Mexico residents whose presence would destroy diversity jurisdiction. "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. Section 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). "These are the only two options; the district court may not

3

permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id.*; *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Schur*, 577 F.3d at 759; *Mayes*, 198 F.3d at 463. In determining whether post-removal joinder of a nondiverse party is appropriate the court applies the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759; *Mayes*, 198 F.3d at 462.

As did the plaintiff in *Schur*, Plaintiff argues that, once Magistrate Judge Scott allowed him to file his First Amended Complaint, which joined two nondiverse defendants, this Court was divested of jurisdiction and is now required to remand the case under Section 1447(e). As the Court explained in *Schur*, however, although the Magistrate Judge may possess the initial authority to grant a motion to amend, this Court "remains the final authority in the case." *Schur*, 577 F.3d at 760. In particular, the district court has discretion to reconsider a prior order – either its own or that of a magistrate judge – permitting joinder, where the district court did not have the opportunity to rule on the propriety of joining a nondiverse party. *Id.* at 762. Here, because there is nothing in the language of the Order to indicate that Magistrate Judge Scott actually made a joinder determination under Section 1447(e) before granting Plaintiff's Motion to Amend, the Court finds it proper to exercise its authority to address the issue on its own accord, and reconsider the decision to grant Plaintiff leave to amend. *Id*.

Applying the relevant factors under Section 1447(e), the Court finds that joinder was appropriate in this case. First, the Court does not find that Defendant has met its "heavy burden"

of demonstrating that Plaintiff attempted to join nondiverse defendants simply to destroy diversity jurisdiction.  *See id.* at 764.  "Fraudulent joinder is difficult to establish – a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  *Id.* at 764 (citation omitted).  In other words, "the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant."  *Id.* (citation omitted).   Here, Pilot argues that because it does not dispute that its employees were acting within the course and scope of their employment on the date of the incident, Pilot would be vicariously liable for any negligent acts of its employees that caused injury to Plaintiff, and thus it is unnecessary to include Sharbono and Toledo as defendants in this action.   Under New Mexico law, however, whether an employer is held vicariously liable for an agent's conduct does not affect the agent's independent tort liability.   Rather, an "agent may be held individually liable for his [or her] own tortious acts, whether or not he [or she] was acting for a disclosed principal."  *Kaveny v. MDA Enters., Inc.*, 120 P.3d 854, 859 (N.M. Ct. App. 2005).   Here, Plaintiff alleges in the First Amended Complaint that each of the Defendants, including Sharbono and Toledo, was responsible for the maintenance and safety of the premises where Plaintiff was injured, and had a duty to identify and mitigate any dangerous conditions on those premises.   Doc. 25-1 ¶.   These allegations are sufficient to allege an independent duty on behalf of Sharbono and Toledo.   Accordingly, regardless of Pilot's vicarious liability, there is still a "reasonable probability" that Plaintiff could prevail against Sharbono and Toledo based on their alleged breach of their own duty.

     Second, the Court does not find, as Pilot argues, that Plaintiff unduly delayed filing his Motion to Amend.   To the contrary, Plaintiff has established that he filed promptly upon learning through discovery that Sharbono and Toledo were the employees present and responsible for

5

safety on the premises where the injury occurred.   As in *Schur*, rather than immediately moving to amend after removal, it was only after additional discovery providing a legitimate reason for amending his Complaint that Plaintiff filed his motion.   *Id.* at 767.   The timing of Plaintiff's motion thus militates against a finding that Plaintiff moved to join nondiverse parties for the sole purpose of destroying jurisdiction.

Finally, Pilot has presented no other equitable considerations for the Court to consider. Because Pilot has not shown fraudulent joinder, untimeliness or equitable considerations that weigh against joinder, the Court finds that joinder of Sharbono and Toledo was appropriate.   It follows that this Court must remand the instant case to state court.

## CONCLUSION

It was not improper for Magistrate Judge Scott to allow Plaintiff to amend his Complaint to join Sharbono and Toledo, nondiverse parties, as defendants in this action.   Because their joinder in the action destroys diversity jurisdiction, this Court must remand the instant action to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand [Doc. 35] is granted.

DATED this 29th day of October, 2013.

MARTHA VÁZQUEZ
United States District Judge